IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA

Roanoke Division

TERRY K. OFORI,

      Plaintiff,

V.                                   Case No. 7:23cv249.

COLLINS, et al.,

      Defendants.

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

## Am. Complaint.

### I. Jurisdiction And Venue.

1.     This is a civil action authorized by 42 U.S.C. §1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, (Plus §1981, 85 & 1997d), the Court has jurisdiction under 28 U.S.C. §§ 1331, 1367, & 1343(a)(3). Plaintiff seek(s) declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202, Plus claims for injunctive relief are authorized by 28 U.S.C. §§ 2283, 2284 & Rule 65 of the Federal Rules of Civil Procedure.

2.     The Western District of VA., is an appropriate venue under 28 U.S.C., §1391(b)(2) because it's where the events giving rise to these claims occurred.

### II. Parties.

3.     The Plaintiff, Terry K. Ofori, (Pro Se) was - at all times mentioned herein - a prisoner of the State of VA., in the "custody" of the "VDOC". He was confined in "WRSP," - Big Stone Gap. VA.

4.     The Defendants in this action are:

Agent (1), Mr. Collins, was a Unit Manager (U/M) at WRSP.

Agent (2), Mr. Carl A. Manis, was the Warden of WRSP.

Agent(3), Mr. King, was a Cap.,- then the Major - at WRSP.

Agent(4), Mr. D. Collins, was the CHAP at WRSP.

Agent(5), Mr. R.J. Cochrane, was a L.T.;- then a Cap.,- at WRSP.

Agent(6), Mr. T.B. Smith, was a L.t, at WRSP.

Agent(7), Mr. C.W. Franks, was a IHO at WRSP.

Agent(8), Jane/John Doe, was the IPM at WRSP (Possibly, 'M. Hensley').

Agent(9), Ms. B.J. Ravizee, was the instit, ombudsman at WRSP.

Agent(10), Mr. G.G. Bledsoe, was a C/o at WRSP.

Agent(11), Mr. D. Holman, was a C/o at WRSP.

Agent(12), Mr. McMurray, was a C/o at WRSP.

Agent(13), Mr. C. Long, was a C/o at WRSP.

Agent(14), Mr. M.D. Powers, was a C/o at WRSP.

Agent(15), Mr. M. Rutledge, was a C/o at WRSP.

Agent(16), Mr. D.J. Brown, was a C/o at WRSP.

Agent(17), Mr. J. Gilbert, was a C/o at WRSP.

Agent(18), Mr. T. Person, was a C/o at WRSP, & he had Planted a Weapon on a inmate 'K. Jones' on 6/16/2019 at 8:20 a.m., Plus Fabricated a Charge on him, (See Complaint, # WRSP-19-INF-01711).

All of the defendants have acted (&/or they continue to act) under color of state law at all times relevant to this Complaint, — & they are being proceeded against in their "individual/Personal &/or "official Capacity."

5.  Plaintiff intends that each paragraph or Subparagraph(s) of his Complaint (Plus all references), any attachments, exhibits, or any (minor) amendments hence forth (are) to be incorporated by reference into every-other (relevant) paragraph(s) or Subparagraph's or any (needed) amendments there to.

2.

## III. FACT(S).

6. Within the past few year(s) Plaintiff had noticed issues at WRSP which unlawfully deprived him of his right(s) plus privileges, & his efforts (collectivelly) to have them resolved ended in him being abused, harassed, threaten(ed), assulted, retaliated, discriminated, deprived, & conspired against. — Plaintiff contends that the notoriously corupt WRSP does not recognize nor respect any inmates rights. Their deeply ingrained culture of corruption, racism, harassment & abuse, compels secrecy & engenders retaliatory impulses against those who challenge unlawful actions (via., the power of the pen) by maintaining a system so some staff - who might be interested in (exacting) sadistic conducts - can know who to target/single out (e.g., said inmates get assailed on both brakes). — In late 2018 Plaintiff initiated a civil complaint - in the U.S. dist. Court, Roanoke Div., - about some violation(s) of his rights he was subjected to at WRSP since 2016, (eg., inadequate access to legal means, religious & mail services, in & out-door(s) rec., food service(s), plus more). He submits that his application was intercepted by staff who tried to circumvent it by stealing pages out of it, plus having officials target him in an attempt to compel him not to go forward with it. I.E., Plaintiff was being subjected to some targeted harassments & retaliations from agents (12)(13)(14)(15)(16)(17)(18) & others - who regularly ransaked his cell where they took his food/commissary & other item(s). (plus more violations which was already going on with the approval(s) of agent(s), ass. warden Combs, & other(s), e.g., the regular (summary) deprivation's of in & out-doors rec., food/tray(s), & etc, that happened 4 to 7 times a week for each).

7. Due to the practices of WRSP, Plaintiff's complaints about said issues had to be presented to supervisors, so during the rounds of agent (1) & (6) in c1-pod he told them, & agent (1) said... "Cochrane already told us

3.

about you so look, eather you drop it or you will end up on my [hit] list, & trust me if your on my list I can get someone to poke you in whatever building your in at... Mr. Martinez behind you will tell you what I had done to him in A&B building(s) when he was on my Sh*t list." (This exchange was around March 2019). His cellmate then told him for complaining about issues & other staff, he had him being bounced between Seg, A&B-buildings, where he was being attacked by inmates, staff, & dogs, plus fabricated charges issued on him (& other violation(s). — Because of said exchange(s) Plaintiff wrote up the fact that agent(1) & (6) had threatened him, but his submission(s) was circumvented by agent(9) & staff who never filed it. As a result of his efforts he was singled out by more staff, i.e., in the morning of 4/26/2019, some c/o(s) conducted extensive search's of his cell-C1-24-during a walk-through, while he was outdoors for rec., & although no items of contraband was found agent(12)-who was brought their just for those reasons-told his cellmate to tell plaintiff his cell & stuff had been tossed because he was trying to file complaints on said agents, plus the lawsuit he had sent out naming him & others. In addition to taking about 1400 pg(s) (50¢ ea) of his legal documents, said agent summarly punished him by depriving him of pod rec.,- i.e., about 2:18 p.m, when he returned from Sunni Services, pod rec., was in process for his tier, so some of the muslims asked if they could access their cells to get their shower-roll(s), & the "go ahead" was given, but when Plaintiff entered his cell agent(12) closed the door behind him & wouldn't let him back-out, then he came on the intercom & claimed "per agents(1),(5), (6),(9) & other ranking officials, he had the "go ahead" to do whatever he wanted to him because of his submissions." (Note: the week(s) that followed saw him & other staff depriving Plaintiff of rec(s).,- e.g., agents (10) to (18). [Re: WRSP-19-INF-01294. — Submitted compl., & griev., unsuccessful/circumvented).

8.    Around said time, Plaintiff completed his applications to get

4.

on the 'Ramadon' list in early 2019, & he also helped his cellmate with his forms before putting all of them in one envelope & submitted them to the treatment dept., — Sometime in april 2019, agent(6) was going around in C1-pod posting some signs on celldoors for inmates who were approved to fast that year & Upon getting to plaintiffs he only posted a sign for the cellmate, so he asked why & said agent claimed only his cellmate was on the list, he then asked for a complaint for the issue, & agent(6) stated..."See oFori, we got ways to f*ck with you too since you want to file complaints & lawsuits on us..." After somemore exchange(s) he said..."they tell me you wrote up about you getting charged some money for trays last year, so I guss you wount have to warry about that this year." (Note: that issue was apart of said suit).— Upon information & belief, Plaintiff contends that agent(6),(8) & other staff conspired to keep him off said list in retaliation for his submissions. Due to this deprivation, he was forced to starve himself during that month of fasting, i.e., the pod went to the chaw-hall for most of the meal(s) searved then, & since WRSP/VDOC policy didn't allow him to bring back any food, he couldn't save up any of it till sunset, & he didn't have much commissary food, so this compelled him to be unable to fast, plus those days that he did try he ended up braking it befor sunset.

9. Additionally, On 8/11/2019, when the 'eid ul-adha' service was upon muslims, staff called out into the pod that if anyone was a sunni muslim, they should hit their intercom to be let out because they didn't have a master pass-list in the booth to go by, when about 35-inmates from C-building (1,4,5,& 6-pods) arrived at C&D side gates plaintiff asked agent(14) if all the muslims-in G.P.,-were being allowed to assemble in the gym as islamic edict required, (Plus as the kiros-programs-are always allowed to), & he responded in the negative. Then he pulled out a list & compared I.D.-cards to it, when he finished only about 4/5 inmates was patted down & allowed to

5.

enter the chow-hall for said service, (note: WRSP had a custom of not allowing inmate's who weren't on the ramadon list, to attend any of the eid(s), though they might have been on the general religious service list). — Although Plaintiff had complained about them all not being allowed to come together, he & others approched said agent( to ask how it was that they were on the list for jumuah 2-days ago, & he checked that list, -plus was familiar with most of them- but yet they were bumped off said services list that day, & he responded with..."Y'all can all go make sala in your cells & smell your asses, or go F*ck yourselfs, for all I care, just get out of here.." (this after they asked to see a supervisor because some of them had unfavorable exchanges with him in the past). When some of them replied that they would write him & the issue up, he stated..."I still run c-building from out here so go ahead & see if I don't get yall dealt with," & he even said... "Fori, I know you behind this Sh*t, don't worry ama get you again."(Plus, agent(14) was posted out of buildings at WRSP because he & agent(17) let a inmate attack another one they didn't like,-in his cell). So after some of his submissions -on said issues- were circumvented, (by the likes of agents(2),(4),(9) & others), he self-censored them in order to get them filed (Re: WRSP-19-REG-00404, 00428, & others), but agents(2) & (4) failed to address them.

10.     Because, of the aboves, on 9/16/2019, at lunch/12:15, p.m., Plaintiff's medical tray was tampered with (i.e., smooshed-beans, potato's & carrots was mixed in at the bottom of a small slot & cabage's, plus the main course-hamburger helper - also had some onions & tomatoes mixed/concealed in it too, with some mixed bulk/VDOC meat). He unknowingly ate a bite before he found out the aboves, & he started having some alergic reactions, i.e, his eyes, tongue, mouth, throat, & body began to itch, swell-up/breakout. (Note: Prior to getting said tray - from agents(16) & (17) - he noticed that it had a tag on the lid with his name & cell number on it, Plus the prison was on

6.

lock-down, so only staff was handling trays). When the incident took place, he asked agents (14),(15),(16),(17), & other staff if they could call the medical unit about his issues, & agent (17) commented... "dame ofori your face looks f*cked up, I guess you are really allergic to all that sh*t, ama tell Smith & the kitchen how funny you look now." Thus, it was all apart of said ongoing retaliations.
— After a few minutes passed without any results, Plaintiff completed a emergency grievance & asked agents (16),(17) & other staff to sign off on it, but they refused, so when they opened his tray-slot to pick up trash he stuck his arm out & stated he wouldn't retrieve it till someone processed his form, or took him to medical A.S.A.P.. Said staff claimed they had called that dept., about his issues so they wouldn't sign his form. He stayed that way till 2:44p.m, when a investigator brought him legal mail & asked why his arm was out the slot, & he informed him of the unfolding issue, so said staff claimed he would go find-out what was going on..., & before he exited the pod he talked to said agents while pointing up to plaintiff's cell. He stayed in agonizing pain for hours, (i.e., he was having problems breathing, vision blurry, vomiting, hives, itches, stomach pains/issues, & etc), but his cries for help were ignored, - e.g., he even tried kicking the door, but agent (17) laughed & said... "is that all you got, - at 3:40p.m., a pill-pack nurse saw Plaintiff's condition & demanded that agent (16) or (17) who was around, sign off on said form so she could get him help, & agent (16) signed it finally (Re: log #64270), & minutes later - at 4:14 p.m.- agents (16),(17), & a nurse brought him some benadryl. When Plaintiff asked Ms. Mullins why it took so long for him to get help... she stated -in part-... "officer gilbert didn't let us know it was this bad when he called," hence, they were all in on said events.
11.       Prior to them leaving his cell-door agent (16) asked Plaintiff for the emergency grievance receipt back, & he declined (him), then they (i.e., agents (14),(15),(16),(17), & other staff) made several efforts to pressure him to do so, e.g., their last attempt was at 4:30p.m. when agent (17) opened his

7.

tray-slot & put his handcuffs plus a can of mace on it, then claimed 'his supervisors' - agent (6) & Sgt.- Said he had to give the receipt up or they would fabricate charges on him in order to take him to Seg., & access his property or paperwork(s).' (Plus, they made other threats). Not wanting to be subjected to said events Plaintiff surrendered the receipt. (Note: While they were walking off agent(14) stated..."I told you we was going to get you for all your sh*t ofori, & we are gonna do it again"). — Upon information & belief Plaintiff submits that said agents sabotaged his tray - in a conspiracy to harm him - (Plus they kept him in pain for hours, Via., not getting him needed help) in retaliation for his submissions against them, their co-workers, & issues at the prison, e.g., See aboves, - Note: agent(15) also stated..."oh ya befor I forget, the L.t., said to tell you whenever your ready to stop complaining let him know so he can call us off you." - In an effort to have said issues looked into & addressed Plaintiff submitted several application(s), but they were mostly circumvented, & agents (6), (2), plus others didn't resolve the violations, (Re: WRSP-19-REG-00437 & 00449)

12.      Then in retaliation for said applications - as part of the ongoing targeting - On 10/15/2019, agents (16) & (17) **Conducted a Search of his cell where** they tossed out some food plus about 603 pg(s). of legal documents, & when he objected agent(17) instructed agent(16) to..."hit this ni**er with a charge since he wants to keep writing us up." — Then agent(17) commenced to steal some of his commissary item(s) before they left the cell.(i.e., 3-Cookies, $2.76; 5-Sensodyne toothpasts, $28.85; 2-bags of cereal, $9.00; & 3-Chips, $1.29). Soon-after, Plaintiff approched agent(6) & Sgt, to present the matters to them - Plus he asked for a complaint form to pursue said issues - & agent(6) responded that it served him right for writing them up, but that per WRSP Policy they didn't have to provid him any complaint forms because he had charges coming, so to present his issues their (or at that hearing). — For said

8.

fabricated charge (Re: WRSP-2019-2099), Plaintiff was able to get it dismissed due to procedural error(s), but when he kept on trying to complain about them, agent(6) offered him a pod job if he dropped the issue(s), however he refused & pointed out that he had made the same offer(s) months prior - i.e., about agents (12),(13),(14),(15),(16-18) & others routinely depriving him of rec(s), plus subjecting him to other violations - & when he signed off on a compl., (Re: WRSP-19-INF-01507), or dropped said issues," no job was given." (Note: the same ploy was used by said agent to prevent him from complaining about not being allowed to attend the 'Eid-ul-Fitr' Sunni Service in 2019). Plus, when Plaintiff had asked said agent about the job(s) he responded that 'he did too much complaining to work in his building,' & when agent(6) & (9) thought Plaintiff still had his copy of said complaint form(s), the emer., griev., receipt, &/or that he was still pushing those issues, they sent agents (12) to (18) & other(s) - later on - to target & harass him by subjecting his cell - alone - to about 5 searches a week, for month(s), plus other unlawful acts.

13.     In relation(s) to the aboves, on 10/18/2019, when the Sunni muslims were on the boulevard waiting for agent(14) to check them of the master pass list before letting them into the chow-hall for program(s), agent (3) came by so Plaintiff - & others - told him about some problems they was having with religious right(s) violations. Before he walked off he claimed they would be looked into, then he instructed agent(14) to allow access to the bathroom in said location during services. After the delivery of khutbah & offering of salat/or prayer everyone sat down to study the religion, & while this was going on a brother (a Mr. H.I. Rasheed) mentioned he wasn't versed with all the requirments of performing wodu, so both of them went to the sink in the bathroom - with the door opened, - & while there a inmate/Mr. L.C. Tarry approched & announced he wanted to use the room, then he leaned on the ajored door. Moments later a c/o in the tower told him to get away

9.

From the door, so not wanting to hold anything up Plaintiff exited the bathroom. — Agent(14) entered the chow hall-right after-& ask who was just in[at] the bathroom, & after inspecting them Mr. Rasheed asked... "are we good," & said agent responded..."we will see in a minute since Mr. Ofori likes to complain & file lawsuits on us." Seconds later agents (3),(5),(14),(10),(11)/(6), & about 6/7 staff rushed the chow-hall & lined everyone up, then took them out 2/3 at a time to be strip-searched. While waiting Plaintiff had an exchange with agent(3) who asked him..."were you one of those who was complaining about not getting access to the bathroom & other [B.S.]?" & he answered "Yes," while they were talking agents(5) & (14) pointed his way, so said agent asked..."him..?"-while indicating to Plaintiff-& they stated "Yes," so agent(3) had him handcuffed-by agents(10) plus (11) - then taken to medical dept, to be searched & held. Although no items of contraband was found on him, he was still ordered to be sent to RHU, by agent(3), & when he asked why, said agent claimed that agent(5) & (14) said he had to have been involved in something so until they find-out what's up, he was being placed in Seg.,- & their cell(s) searched. Plaintiff then told him about said agents' (& other staff) targeting him for sometime, but agent(3) responded that everything would be looked into later. Plus, while he was being walked to RHU, he saw agent(14) by c&P side gates who stated..."guss what Ofori, they just called me to your pod to help gilbert & them toss & pack yalls sh*t, you always did have more food in your cell then I have at home, I hope you got some good stuff for me, I told you I was going to get you."

14.    Plaintiff contends that agents(5) & (14) fabricated facts in order to have him placed in RHU, then they conspired with agents(3),(6),(10),(11),(13),(15),(16),(17), & others, all to retaliate against him (for the above(s) & other submissions of his) plus subject him to more adverse actions, i.e., while in RHU, his property was supposed to be (getting) search & retrived

10.

From his cell-in G.P., C1-24-(or be inventoried) by agents (10),(11),(14),(15), plus (17), & that's when it was falsely claimed that some items of contraband was found, & he ended up being issued 2-charges (Re: WRSP-2019-2136 &7), which he was able to have dismissed for procedural errors, but prior to the hearing(s) WRSP-ICA bord refused to let him out of RHU for weeks. Plus, Plaintiff ended up in RHU on 10/18/2019 without being issued any ICA Form(s), (nor his property for about 22-hours) & other Violations till 10/30/2019. His applications on said issues to agent(s)(2) & (4)-which had to be self-censored to get filed-were unsuccessful,(Re: WRSP-19-REG-00543 & 00544). — When Plaintiff's property was brought to him in RHU-on 10/19/2019-by a Sgt., & agent(10), he noted that some was missing so he asked where they was at, & he claimed that some of his property was thrown away, & others placed in storage (though not listed). Said agent also revealed that the property was also taken to the Watch-Commander to be searched by agents (3),(5), & others, plus staff on the night shift, & that morning. Although he signed the inventory Form(s) so he could get his property to properly inspect it, upon seeing that too much of it was missing that he should have in RHU, he submitted a complaint on the issue(s), & when he was released to G.P., on 10/30/2019, & his storage box(s) was brought to him he noticed that some property which wasn't listed on said form was being returned, but alot of it wasn't there, so he refused to sign said form to certify that all his property had been returned.

15.         He listed every missing item(s) on the inventory form(s), so the C/o who brought said box(s) claimed he would go get a supervisor, for him. Later that morning U/m Larico called Plaintiff to the Counselors' office -- about said issue(s)- & claimed he had reviewed the camera footages of when his property was extracted & searched/otherwise, however he couldn't make out when his items went missing, (Note: Said staff also told him he was now the buildings' Unit Manager, so if he withdrew said complaint, that would mean

11.

he would owe him a favor, plus he would keep his staff from messing with him, but Plaintiff declined his offer(s). So the following was stolen - in retaliation too - while being searched & stored by said agents & others:

| | |
|---|---|
| A). Commissary & hygienic items (or food & stationary(s)). | $741.72. |
| B). 1-eye glasses & case, | $39.00. |
| C). 1-Surge protector, | $12.92. |
| D). 32-Batteries (reachargeable & regular), | $95.53. |
| E). 271-Photo's (commercial-about $4.00 ea.), | $1,084.00. |
| F). 8-Collectable Magazin's ($30.00 ea), | $240.00. |
| G). 22-Cataloges & brouchers ($6.00 ea), | $132.00. |
| H). 12-Mead file folder/docum. holders (w/legal doc.), | $72.00. |
| I). 20-Big envelopes (with legal doc.), | $991.00. |
| J). 3,700-pg.(s) of legal doc.(s) (i.e. ct. records, & etc. $.50 a pg.), | $3,090.00. |
| K). 1-Book, (Va. Ct. Rules & Proc., St. & Fed, 2015) | $209.00. |
| L). 1-Book, (Patent it yourself) | $48.00. |
| M). 1-Book, (Miche's jurisprudence-Index Vol., ), | $61.00. |
| N). 1-Book, (Miche's jurisprudence-Words & Phrases), | $55.00. |

Effort's to have the above(s) addressed by agents (2) & others - was all unsuccessful, (Re: WRSP-19-REG-00544 & WRSP-19-INF-02928). —— Plus, during said search agent(11) confiscated Plaintiff's watch (a Time-X, that cost $260.00) & agent (10) informed him that it was because the 'band' was not right, so he appealed the issue & asked for its return, (& he ordered another band) but agent(2) fabricated the facts in order not to return the watch. Staff also failed to provide him with a means to send the watch out, (Re: WRSP-19-REG-00481).

16. While the above's was on going, on 11/8/2019, when the cell doors came open for rec., Plaintiff grabed his shower roll & inadvertantly a pants which had some commissary item's in it, but he didn't discover them

12.

till he was already at the showers, so he elected to take his wash-up, & by the time he was done rec., was over, so while going back to his cell agent (13) instructed him to empty out his roll/cloths, & he complied, but when he saw the items (hygeine, food, & about 476 pg.(s) of legal docum.) he took them, (plus even stated..."you wanna keep complaining ama give you something to complain about"). Moments later some supervisors - e.g., Sgt. Kirby, L.t., Hughes, & others - entered the pod & while talking to them said agent pointed at Plaintiff, (Note: agent(13) used to - & still was - targeting him for agents (5),(6),(9) & others by subjecting him to summary deprivation of in & out door's rec., & etc). Later that day he was served a confiscation form & a (fabricated in part) charge for possession of contraband.

17. For the case of WRSP-2019-2287, Plaintiff was subjected to violation(s), i.e.;

a). He was deprived of exculpatory evidence, there was procedural error(s)/issue(s), & agent(7) wasn't impartial, e.g., evidence was denied when the IHO didn't allow access to the video footage of said event(s); when a hearing was reconvened on 11/25/2019, Plaintiff wasn't provided prior notice of it, & the IHO wouldn't allow issues to be presented, i.e., the policy - O.P. 861.1(RH) - that he was prosecuted under being void because it hadn't been re-written by a set date, nor did he get a copy of the new/2017 WRSP orientation handbook (which made his action unrully). Plus the IHO demonstrated his biasness when he claimed he does'nt do informal resolution, upon request.

b). Agent(7) found Plaintiff guilty of said charge based on no evidence, (note: & he told him he couldn't present his retaliation's issues in the case). Plaintiff submits that agent(7)'s unlawful actions allowed him to obtain a conviction & penalty of 30-day loss of commissary & electronics. When he told the IHO he would be seeking judicial review to find out if his mode of proceeding was right, he stated..."Ya, they told us you have filed law-

13.

suits on [B.S] like this," hence his/said actions were to join in the ongoing conspiracy(s) to retaliate against Plaintiff, via., O.P.861.1. His appeal to agent(2) was denied on 11/22/2020, (Plus when he asked agents(6) & Sgt. for a complaint form for said issues he was told none could be given because a charge was filed so he had to present it there. - The legal docu, were $.50 a pg.). — Additionally Plaintiff tried to appeal the unlawful confiscation of his property, i.e., (a) 5-Dove Soaps ($7.25); (b) 2-Coolwave toothpaste ($4.10); (c) 1-Roll on deodorant ($2.22); (d) 1-Keefe Coffee ($3.66); (e) 1-Duplex Cook(s) ($0.92); (f) 1-hostess apple pie ($1.05), but his submission was declined by agent(9) on 11/18/2019, (note: he tried to add other contention(s), but that failed. Then on 12/9/2019, agent(17) confiscated all of Plaintiff's electronics - due to said penalty - & he claimed per agents(6) & Sgt, orders his: (g) Radio; (h) I.P.S-Player ($50.00), & Koss CL-20 headphones ($34.11) was to be taken & placed in storage till his 30-days restriction was up on 1/7/2020, (& he claimed agent(9) & others had told them he was still turning complaints in on them), When said agent had all of the items he told him..."enjoy your restriction(s)," & Plaintiff responded..."my celly has all of his [stuff] & will share with me so I don't even get the point of this," agent(17) then stated..."don't worry I'll find a way to drage this out or make it cost you..." At the end of the restriction, staff failed to return his property till 1/17/2020, despite asking agents(3),(13/17) & others for them on the regular. Plus the headphones & player were damaged & he had to spend money to get new ones. Plaintiff submits - upon information & belief - that agent(17) - with a headnod from agent(6) & others - damaged said items in retaliation too, Plus had his property held for said reason(s). Attempt(s) to present the issues to agent(2) & others failed too, (Re: WRSP-20-REG-00071). - Plus, his T.V. was taken & held too.

— ADDENDUM(S) —

18.   The following facts & points are closely related to the above claim, hence they compleat Plaintiff's contentions:

14.

A). With respect to the above at #6, he adds that... Said action was Commenced Under 'Ofori v. Clark, et al., Case No. 7:18-CV-00587,'- Which was later Severed into Case No(s). 7:20-CV-343 to 345. - Plus now parts are under Ofori v. Fleming, et al, Case No. 7:23-CV-00398.

B). With respect to the above at #7-8(&12), he adds that... agent(18)-From early 2019 to june 2019-was normally in the Controle booth of C1-pod, & he (with aid from agent(14) to (17)) would systematically deprive plaintiff of his rec(s), & religious Services by never opening his cell-door &/or make up rules to send him back to his cell (& etc) in aid of said on-going adverse actions, (Plus, agent(13) used to do the same thing(s) around then, on the other break).

C). With respect to the above at #9, he adds that... he was also prevented from attending said 'Eid' Service(s) at the end of 2019 ramadon because WRSP had a custom of not allowing Sunni muslims who was on the general religious programs list, but had some how failed to get on the ramadon list, from attending said prayer services without cause, (Policy, by agents(2) & (4)).

D). With respect to the above at #12, he adds that... Since about mid 2019 he had been eligible to get a (pod) Job, but agent(6) refused to give him one, & even told his Sgt,'s "not to give [him] any work." (& when he brought the issue's - not being allowed any rehabilitation &/or treatment programs - to agent's (2) to (4) & (9) around then, they convinced him to take-back a grievance & they would get him into one or the other means, but it never happened).

## IV. CLAIMS FOR RELIEF.

19.    Plaintiff realleges & incorporate by reference paragraphs #6-18.

20.    The action(s), omissions, & failures of said agent(s) - as presented in the above pertinent contentions - that resulted in said (targeted) abuses, retaliation's, harassments, conspiracy's, deprivations, & other unlawful

15.

conducts; for his (submissions of) grievances & suits about issues - & etc - was a violation of the 1st, 8th, & 14th AMD to the U.S. Const.; & 42 U.S.C.§1997d.

21. Plaintiff has no plain, adequate/complete remedy at law to redress the wrongs described herein, & he has been plus will continue to be irreparably injured by the conducts of the defendants unless this court grants the declaratory &/or injunctive relief which plaintiff seek(s).

## V. RELIEF REQUESTED.

22. WHEREFORE, Plaintiff requests that the court grant him the following relief:

A. Issue a declaration that the acts, omissions & failures (of the defendants) described herein violates the plaintiffs rights under the Constitution & Law(s) of the U.S., & VA.,

B. Issue a Permanent (&/or preliminary) injunction order(ing) said agents to take action(s) to address said violations, e.g., disgorgement of anything unlawfuly taken/prevented, & etc.

C. Award Compensatory damages for defendants contractual, constitutional, & statutory (or tort) violations - jointly &/or severally - including damages for mental, physical, plus emotional pain & suffering.

D. Award Monetary/nominal damages in the event that a trier of fact were to determine that their was Const., (or other) rights violation(s) - &/or otherwise - but that compensatory damages are not warranted.

E. Award Special/Punitive damage(s) in a/the amount to be determined for the defendant(s) violations above.

F. Award any additional relief this court deems just, proper, & equitable, — in order for plaintiff to be fully rembursted for the violation(s) of his rights, plus as well as with the court(s) cost(s), filing fee(s), prepaid postage, copies, minutes, hour(s), day(s), month(s), & year(s) of legal

16.

researching &/or structuring of this litigation of applications against those agents for their Constitutional & Statutorial Violation(s) Wherein Plaintiff has Suffered/Sustained mental, Physical & emotional diress or injuries. — Plus, all he is 'ENTITLED' To.

Respectfully Submitted
By: Terry K. Ofori

May 9, 2024
Dated.

Terry K. Ofori, #1165768
Red Onion State Prison
P.O. Box 970
Pound, VA. 24279.

— TRIAL BY JURY IS DEMENDED. —

__VERIFICATION__

I have read the foregoing Complaint & hereby Verify that the matters alleged therein are true except as to matters alleged on information plus belief, & as to those I believe them to be true & Correct.
Executed at Pound, VA., — On May 9, 2024.

By: Terry K. Ofori
Terry K. Ofori, #1165768
(28 U.S.C. §1746(2)).

17.